Scott P. Shaw, Bar No. 223592
Samuel G. Brooks, Bar No. 272107
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
SShaw@calljensen.com
SBrooks@calljensen.com

Attorneys for Defendants Wilster Apparel Group, LLC
and Nordstrom, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN TEXTILE, INC., a California Corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>NORDSTROM, INC., a Washington Corporation; WILSTER APPAREL GROUP, LLC, a California Limited Liability Company; and DOES 1-20, inclusive,<br><br>   Defendants. | Case No.  2:15-cv-01226 R Ex<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br><br><br><br><br>Complaint Filed:  February 19, 2015<br>Trial Date:        None Set |

CALL &
JENSEN

1    On stipulation of the Parties, the Court enters a Protective Order in this matter as
2  follows:

3

4       1.    PURPOSES AND LIMITATIONS

5       Disclosure and discovery activity in this action are likely to involve production of
6  confidential, proprietary, or private information for which special protection from
7  public disclosure and from use for any purpose other than prosecuting this matter would
8  be warranted.  Accordingly, the parties have stipulated to and petitioned this Court to
9  enter the following Stipulated Protective Order.  The parties acknowledge that this
10 Order does not confer blanket protections on all disclosures or responses to discovery
11 and that the protection it affords extends only to the limited information or items that
12 are entitled under the applicable legal principles to treatment as confidential.  The
13 parties have agreed that the terms of this Protective Order shall also apply to any future
14 voluntary disclosures of confidential, proprietary, or private information.  The parties
15 reserve their rights to object to or withhold any information, including confidential,
16 proprietary, or private information, on any other applicable grounds permitted by law,
17 including third-party rights and relevancy.

18

19      2.    DEFINITIONS
20          2.1    Party: any party to this action, including all of its officers, directors,
21 employees, consultants, retained experts, and outside counsel (and their support staff).

22          2.2    Disclosure or Discovery Material:    all items or information,
23 regardless of the medium or manner generated, stored, or maintained (including, among
24 other things, testimony, transcripts, or tangible things), that are produced or generated in
25 disclosures or responses to discovery in this matter.

26          2.3    "Confidential" Information or Items: All information in whatever
27 form, such as oral, written, documentary, tangible, intangible, electronic, or digitized
28 now or hereafter in existence that:

CALL &
JENSEN

1          a) derives independent economic value, actual or potential, from not

2  being generally known to, and not being readily ascertainable by proper means, by other

3  persons who can obtain economic value from its disclosure or use;

4          b) is the subject of efforts that are reasonable under the

5  circumstances to maintain its secrecy; and

6          c) is otherwise regarded by a party as being confidential, private, or

7  proprietary in nature.

8      2.4   "Attorneys' Eyes Only": Discovery Material or such portion of such

9  material that the disclosing party has a reasonable belief that the information disclosed,

10  if known to one or more parties in the case would have a reasonable chance of putting

11  the disclosing party to a competitive disadvantage or otherwise result in the disclosure

12  of sensitive proprietary information that could cause future harm. Notwithstanding the

13  terms of this agreement, Plaintiff's attorney is entitled to disclose to Plaintiff the total

14  revenue and gross profit data disclosed in this action, as well as the names of any parties

15  responsible for distributing the infringing product at issue, or any components of said

16  product.

17      2.5   Receiving Party:  a Party that receives Disclosure or Discovery

18  Material from a Producing Party.

19      2.6   Producing Party:  a Party or non-party that produces Disclosure or

20  Discovery Material in this action.

21      2.7   Designating Party:  a Party or non-party that designates information

22  or items that it produces in disclosures or in responses to discovery as

23  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

24      2.8   Protected Material:  any Disclosure or Discovery Material that is

25  designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

26      2.9   Expert:  a person with specialized knowledge or experience in a

27  matter pertinent to the litigation who has been retained by a Party or its counsel to serve

28  as an expert witness or as a consultant in this action.  This definition includes a

professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.

2.10   Professional Vendors:   persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to

1   designate for protection only those parts of material, documents, items, or oral or

2   written communications that qualify – so that other portions of the material, documents,

3   items, or communications for which protection is not warranted are not swept

4   unjustifiably within the ambit of this Order.

5

6       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided

7   in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise

8   stipulated or ordered, material that qualifies for protection under this Order must be

9   clearly so designated before the material is disclosed or produced.

10          Designation in conformity with this Order requires:

11          (a)   <u>for information in documentary form</u> (apart from transcripts

12   of depositions or other pretrial or trial proceedings), that the Producing Party affix the

13   legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of

14   each page that contains protected material.

15          A Party or non-party that makes originals or copies of documents or

16   materials available for inspection need not designate them for protection until after the

17   inspecting Party has indicated which material it intends to copy.  During the inspection

18   and before the designation, all of the material made available for inspection shall be

19   deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

20   documents it wants copied and produced, the Producing Party must designate, either in

21   writing or on the record (at a deposition), which documents, or portions thereof, qualify

22   for protection under this Order.   Then the Receiving Party must affix the

23   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each

24   copied page that contains Protected Material. If only a portion or portions of the

25   material on a page qualifies for protection, the Producing Party also must clearly

26   identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins)

27   and must specify, for each portion, the level of protection being asserted (either

28   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate.    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating

1  Party's right to secure protection under this Order for such material. If material is
2  appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
3  after the material was initially produced, the Receiving Party, on timely notification of
4  the designation, must make reasonable efforts to assure that the material is treated in
5  accordance with the provisions of this Order.

6
7        6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8        6.1    Timing of Challenges. Unless a prompt challenge to a Designating
9  Party's confidentiality designation is necessary to avoid foreseeable substantial
10 unfairness, unnecessary economic burdens, or a later significant disruption or delay of
11 the litigation, a Party does not waive its right to challenge a confidentiality designation
12 by electing not to mount a challenge promptly after the original designation is disclosed.

13        6.2    Meet and Confer. A Party that elects to initiate a challenge to a
14 Designating Party's confidentiality designation must do so in good faith and must begin
15 the process by conferring with counsel for the Designating Party in writing. In
16 conferring, the challenging Party must explain the basis for its belief that the
17 confidentiality designation was not proper and must give the Designating Party an
18 opportunity to review the designated material, to reconsider the circumstances, and, if
19 no change in designation is offered, to explain the basis for the chosen designation. A
20 challenging Party may proceed to the next stage of the challenge process only if it has
21 engaged in this meet-and-confer process first.

22        6.3    Court Intervention. A Party that elects to press a challenge to a
23 confidentiality designation after considering the justification offered by the Designating
24 Party may file and serve a motion that identifies the challenged material and sets forth
25 in detail the basis for the challenge. Each such motion must be accompanied by a
26 competent declaration that affirms that the movant has complied with the meet-and-
27 confer requirements imposed in the preceding paragraph and that sets forth with
28 specificity the justification for the confidentiality designation that was given by the

CALL &
JENSEN

1 Designating Party in the meet-and-confer dialogue. The parties agree that a
2 confidentiality designation shall not create a presumption in favor of such
3 confidentiality designation, and that the Court shall decide the issue as such.

4 Until the Court rules on the challenge, all parties shall continue to afford
5 the material in question the level of protection to which it is entitled under the
6 Producing Party's designation.

7

8 7. ACCESS TO AND USE OF PROTECTED MATERIAL

9 7.1 Basic Principles. A Receiving Party may use Protected Material that
10 is disclosed or produced by another Party or by a non-party in connection with this case
11 only for prosecuting, defending, or attempting to settle this litigation. Such Protected
12 Material may be disclosed only to the categories of persons and under the conditions
13 described in this Order. When the litigation has been terminated, a Receiving Party
14 must comply with the provisions of section 11, below (FINAL DISPOSITION).

15 Protected Material must be stored and maintained by a Receiving Party at a
16 location and in a secure manner that ensures that access is limited to the persons
17 authorized under this Order.

18 7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless
19 otherwise ordered by the Court or permitted in writing by the Designating Party, a
20 Receiving Party may disclose any information or item designated "CONFIDENTIAL"
21 only to:

22 (a) the Receiving Party's outside counsel, as well as employees of
23 said outside counsel to whom it is reasonably necessary to disclose the information for
24 this litigation;

25 (b) Board members, officers and directors of the Receiving Party;

26 (c) Other employees of the Receiving Party to whom disclosure is
27 reasonably necessary for this litigation and who are bound by internal confidentiality

28

1  obligations as part of their employment or who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A);

3          (d)   Experts (as defined in this Order) of the Receiving Party to

4  whom disclosure is reasonably necessary for this litigation and who have signed the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6          (e)   the Court personnel assigned to this litigation;

7          (f)   court reporters, their staffs, and professional vendors to whom

8  disclosure is reasonably necessary for this litigation and who have signed the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10          (g)   during their depositions, witnesses in the action to whom

11  disclosure is reasonably necessary and who have signed the "Acknowledgment and

12  Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or

13  exhibits to depositions that reveal Protected Material must be separately bound by the

14  court reporter and may not be disclosed to anyone except as permitted under this

15  Stipulated Protective Order; and

16          (h)   the author of the document or the original source of the

17  information.

18      7.3   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

19  Unless otherwise ordered by the Court or permitted in writing by the Designating Party,

20  a Receiving Party may disclose any information or item designated "ATTORNEYS'

21  EYES ONLY" only to:

22          (a)   the Receiving Party's outside counsel, as well as employees of

23  said outside counsel to whom it is reasonably necessary to disclose the information for

24  this litigation;

25          (b)   Experts (as defined in this Order) of the Receiving Party to

26  whom disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28          (c)   the Court personnel assigned to this litigation;

1        (d)    court reporters, their staffs, and professional vendors to whom

2 disclosure is reasonably necessary for this litigation and who have signed the

3 "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

4        (e)    the author of the document or the original source of the

5 information.

6

7     **8.**    <u>PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED</u>

8         <u>PRODUCED IN OTHER LITIGATION</u>

9     If a Receiving Party is served with a subpoena or an order issued in other

10 litigation that would compel disclosure of any Discovery Material, the Receiving Party

11 must so notify the Designating Party, in writing immediately and in no event more than

12 five business days after receiving the subpoena or order. Such notification must include

13 a copy of the subpoena or court order. The Receiving Party also must immediately

14 inform in writing the Party who caused the subpoena or order to issue in the other

15 litigation that some or all of the material covered by the subpoena or order is the subject

16 of this Protective Order. In addition, the Receiving Party must deliver a copy of this

17 Stipulated Protective Order promptly to the Party in the other action that caused the

18 subpoena or order to issue.

19     The purpose of imposing these duties is to alert the interested parties to the

20 existence of this Protective Order and to afford the Designating Party in this case an

21 opportunity to try to protect its confidentiality interests in the court from which the

22 subpoena or order issued.

23

24     **9.**    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

25     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26 Protected Material to any person or in any circumstance not authorized under this

27 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

28 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

CALL & JENSEN

all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons and after following the procedures provided for in Local Rule 79-5.1, a Party may not file in the public record in this action any Protected Material.

### 11.   FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

### 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

1   disclosing or producing any information or item on any ground not addressed in this

2   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

3   ground to use in evidence of any of the material covered by this Protective Order.

4        12.3  <u>Inadvertent Production of Privileged Documents</u>.  If a Party, through

5   inadvertence, produces any document or information that it believes is immune from

6   discovery pursuant to an attorney-client privilege, the work product privilege, or any

7   other privilege, such production shall not be deemed a waiver of any privilege, and the

8   Producing Party may give written notice to the Receiving Party that the document or

9   information produced is deemed privileged and that return of the document or

10  information is requested.  Upon receipt of such notice, the Receiving Party shall

11  immediately gather the original and all copies of the document or information of which

12  the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions

13  thereof, and shall immediately return the original and all such copies to the Producing

14  Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the

15  other Party of privilege or confidentiality.

16

17  PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19  Dated: _5/29/15_         By: _____

20                                     Honorable Charles F. Eick
                                   U.S. Magistrate Judge

21

22

23

24

25

26

27

28

CALL & JENSEN

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name],

of _____ [print full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Urban Textile, Inc. v. Nordstrom, Inc.*, Case No. 15-cv-01226-R-E. I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____